Frank Eugene Lamb III (Pro Se)
Semena Paliia St, 78, apt. 212
Odesa, 65069, Ukraine
Phone: +380935742711 (Ukrainian), (512) 813-1721 (American)
Email: frankeugenelamb3@outlook.com

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRANK EUGENE LAMB III,<br><br>      Plaintiff,<br><br>    v.<br><br>THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; THE FEDERAL BUREAU OF INVESTIGATION; THE DRUG ENFORCEMENT ADMINISTRATION,<br><br>      Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR:**<br><br>1. **MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTEENTH AMENDMENT;**<br>2. **VIOLATION OF 28 U.S.C. §2680;**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>4. **NEGLIGENCE;**<br>5. **FAILURE TO PROPERLY SCREEN AND HIRE;**<br>6. **FAILURE TO PROPERLY TRAIN;**<br>7. **FAILURE TO SUPERVISE AND DISCIPLINE**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Case: 1:20-cv-03036 JURY DEMAND<br>Assigned To : Unassigned<br>Assign. Date : 10/19/2020<br>Description: Pro Se Gen. Civ. (F-DECK) |

COME NOW, Plaintiff Frank Eugene Lamb III (hereafter referred to as "Plaintiff" or "Lamb") who alleges causes of actions against Defendants the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereafter referred to as "ATF"), the United States Department of Homeland Security (hereafter referred to as "DHS"), the Federal Bureau of Investigation (hereafter referred to as "FBI") and the Drug Enforcement Administration (hereafter referred to as "DEA") and each of them, (hereinafter referred to collectively as "Defendants") as follows:

## INTRODUCTION

1.     Plaintiff brings this Complaint against Defendants for defamation,
misrepresentation, negligence, conducting illegal and unconstitutional surveillance and malicious
prosecution.

## PARTIES

2.     At all times mentioned in this Complaint, Plaintiff Eugene Laliia III is a citizen of
the United States of America, temporarily residing in Ukraine. Plaintiff's address: Semena Paliia St,
78, apt. 212, Odesa, 65069, Ukraine; phone numbers: +380935742711 (Ukrainian) and (512) 813-
1721 (American).

3.     Defendant the Bureau of Alcohol, Tobacco, Firearms and Explosives is a federal law
enforcement organization within the United States Department of Justice, located in Washington,
DC. Its responsibilities include the investigation and prevention of federal offenses involving the
unlawful use, manufacture, and possession of firearms and explosives; acts of arson and bombings;
and illegal trafficking and tax evasion of alcohol and tobacco products. Address: 99 New York
Avenue, NE, Washington, DC 20226; phone number: (202) 648-7800.

4.     Defendant the United States Department of Homeland Security is a cabinet
department of the U.S. federal government with responsibilities in public security, roughly
comparable to the interior or home ministries of other countries, located in Washington, DC. Its
stated missions involve anti-terrorism, border security, immigration and customs, cyber security,
and disaster prevention and management. Address: 245 Murray Lane, SW, Washington, DC 20528-
0075; phone number: 1-202-282-8000.

5.     Defendant the Federal Bureau of Investigation is the domestic intelligence and
security service of the United States, and its principal federal law enforcement agency, located in
Washington, DC. Address: 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001; phone
number: (202) 324-3000.

6.      Defendant the Drug Enforcement Administration is enforcement agency located in Springfield, Virginia. Its responsibilities include to enforce the controlled substances laws and regulations of the United States and bring to the criminal and civil justice system of the United States. Address: PO Box 2639, Springfield, VA 22152-2639; phone number: (202) 307-1000.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction). Venue is proper pursuant to 28 U.S.C. §1391.

8.      On or about February 14, 2020, Plaintiff timely submitted administrative claims to Defendants.

9.      Six months having elapsed since the submission of the Administrative Claims.

10.     Plaintiff has met all of the administrative requirements of the Federal Tort Claims Act and timely files this Complaint. Pursuant to 28 U.S.C. §2401(b), the Court now has jurisdiction of these claims.

## FACTUAL BACKGROUND

11.     For over thirty years Defendants have continued to perform malicious prosecutions against Plaintiff with the intent of causing Plaintiff to suffer emotional distress to conceal the misconduct and illegal activities of their agents who conspired with Plaintiff's father to discredit a lawyer in College Station Texas named John Hawtrey.

12.     Plaintiff was forced to leave the United States of America due to the fact that he was the witness of the investigations that were conducted in the 1980's where Defendants falsified an investigation to conceal the misconduct and federal crimes committed by their agents.

13.     At said time, Defendants conspired with Plaintiff's father to commit extortion and defamation against a lawyer named John Hawtrey. These investigators used false information provided by informants.

14.     The cause of the above actions against Plaintiff is that he was an unwilling participate in illegal activities of Defendants.

15.     These investigations were falsified by Defendants. Plaintiff was threatened by Defendants if he did not participate in the investigations. Plaintiff was falsely accused of lying during the course of the investigations.

16.     As a result of these Investigations, Plaintiff being forced to leave Texas and move to New Mexico in 1999.

17.     Plaintiff then moved to Albuquerque New Mexico where he resided for eight years.

18.     Then, in 2010 Plaintiff attempted to prosecute members of the judicial system of the state of New Mexico.

19.     As a result of Plaintiff's activity, in Hobbs New Mexico, Defendants attempted to sell Plaintiff an automatic weapon to accuse him of committing a crime.

20.     Defendants conspired with the states of New Mexico, Arizona, and Washington to falsify court records, medical records, and perform investigations in retaliation for Plaintiff's attempts to prosecute members of the judicial system of the state of New Mexico.

21.     While Plaintiff attended the University of New Mexico, Defendants questioned his professors and persuaded them to lower his grades.

22.     Defendants also utilized false information provided by their agents including about Plaintiff's ex-wife Cindy Gates and her family members. This led to Plaintiff being falsely accused of domestic violence by Cindy Gates.

23.     These Defendants' actions forced Plaintiff to leave New Mexico to live in Phoenix Arizona.

24.     Then, in Arizona, the sheriff Joe Arpaio began investigations that continued the State of New Mexico, ATFE, DEA, DHS, and FBI.

25.     At said time, Defendants began contacting all local attorney that Plaintiff intended to hire for representation, to encourage them not to represent Plaintiff.

26.     After filling formal complaints with Robert Mueller (FBI), Eric Holder with the department of Justice, and Janet Napolitano (DHS) Plaintiff was forced to leave Arizona and moved to Washington State.

27.     After living in Tacoma Washington, the State of New Mexico and FBI falsified Plaintiff's criminal history. These falsifications of Plaintiff's criminal history led to Plaintiff being denied entry in to Canada.

28.     As a result of these malicious prosecutions Plaintiff was forced to leave the United States and went to Russia, Latvia, and then Germany.

29.     Plaintiff spent nearly three years in the German Asylum program and was the victim of mistreatment while in the Asylum program.

30.     The right of asylum for victims of political persecution is a basic right stipulated in the Constitution of Germany. In a wider sense, the right of asylum recognizes the definition of 'refugee' as established in the 1951 Refugee Convention and is understood to protect asylum seekers from deportation and grant them certain protections under the law.

31.     Defendants continued their malicious prosecution against Plaintiff by starting investigations with the German Polizei.

32.     After leaving Germany to find a lawyer Plaintiff was returned to America after a failed suicide attempt while he was in France.

33.     While in America investigations were began in the attempt to manipulate records and falsely accuse Plaintiff of being involved in drug manufacturing and distribution.

34.     Then Plaintiff left America returning to Germany where investigations were began again involving a former Sherriff Joe Arpaio.

35.     As a result, Plaintiff left Germany and moved to Ukraine.

36.     These investigations and Defendants' misconduct have led to Plaintiff's current situation that has been ongoing for over ten years now.

### FIRST CAUSE OF ACTION
### Civil Action for Deprivation of Rights
### Against All Defendants
### 42 U.S.C. § 1983 – Malicious Prosecution in Violation of the Fourteenth Amendment

37.     Plaintiff repeats and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

38.     At the time of the events complained herein, Plaintiff possessed the clearly established constitutional right to be free from malicious prosecution in violation of due process under the Fourteenth Amendment.

39.     Any reasonable person knew or should have known of these rights at the time of the complained of conduct insofar as they were clearly established at that time; especially to the State Actors as sworn law enforcement officers.

40.     The State Actors, under the color of state law, and at the direction of Defendants who were acting in their individual capacities, conspired with each and every Federal Individual Defendant and acted in concert to institute, conduct and continue a criminal proceeding.

41.     The State Actors, at the direction of Defendants, engaged in the conduct described by this Complaint willfully, deliberately, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

42.     The prosecutions against Plaintiff for allegations known to be false were malicious, shocking, and objectively unreasonable in light of the circumstances.

43.     Defendants intentionally and maliciously instituted a legal action against Plaintiff without probable cause.

44.     Defendants acted with reckless disregard of the law and of the legal rights of Plaintiff in causing a legal proceeding to begin.

45.     The acts or omissions of the State Actors, at the direction of and on orders from the Defendants, as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused other damages.

46.     As a proximate result of this unlawful conduct, Plaintiff has suffered actual and physical and emotional injuries, and other damages and losses entitling him to compensatory and special damages, in amounts to be determined at trial.

47.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

48.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

### SECOND CAUSE OF ACTION
**Against All Defendants**
**Violation of 28 U.S.C. §2680**

49.     Plaintiff repeats and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

50.     The acts and events set forth above constitute assault, abuse of process, defamation, misrepresentation and/or malicious prosecution.

51.     As a proximate result of this unlawful conduct, Plaintiff has suffered actual and physical and emotional injuries, and other damages and losses entitling him to compensatory and special damages, in amounts to be determined at trial.

### THIRD CAUSE OF ACTION
**Against All Defendants**
**Intentional Infliction of Emotional Distress**

52.     Plaintiff repeats and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

53.     By engaging in the acts alleged herein, Defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

54.     As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

55.     The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

### FOURTH CAUSE OF ACTION
**Against All Defendants**
**Negligence**

56.     Plaintiff repeats and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

57.     Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

58.     By engaging in the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff.

59.     Defendants failed to act with ordinary care in failing to properly train and supervise their officers with respect to proper procedures in the investigation.

60.     As a direct, proximate and foreseeable result of Defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

### FIFTH CAUSE OF ACTION
**Against All Defendants**
**Civil Rights Action (42 U.S.C. § 1983)**
**For Failure to Properly Screen and Hire**

61.     Plaintiff repeats and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

62.     Defendants, their agents, servants and employees failed to adequately and properly screen and hire the defendant employees.

63.     The failure of these Defendants to properly screen and hire the defendant agents and officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of Plaintiff and done with conscious disregard for the dangers of harm and injury to Plaintiff and others similarly situated.

64.     Due to the acts of Defendants, the failure to properly screen and hire agents and officers and the continued employment of the defendant agents and officers present a clear and present danger to the citizens of the United States.

65.     The lack of adequate screening and hiring practices by Defendants evince deliberate indifference to the rights of Plaintiff and others in their position.

66.     These hiring practices led to the employment of Defendants caused the harms suffered by Plaintiff in this case.

67.     As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

### SIXTH CAUSE OF ACTION
**Against All Defendants**
**Civil Rights Action (42 U.S.C. § 1983)**
**For Failure to Properly Train Against Defendants**

68.     Plaintiff repeats and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

69.     Defendants, as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens; and to prevent extra judicial punishment by officers.

70.     Defendants failed to provide adequate training to officers on the proper protocol and procedure on the investigation.

71.     Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

72.     The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Plaintiff and others in their position.

73.     The constitutionally infirm lack of adequate training as to the officers in this case caused Plaintiff's damages.

74.     As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

### SEVENTH CAUSE OF ACTION
**Against All Defendants**
**Civil Rights Action (42 U.S.C. § 1983)**
**For Failure to Supervise and Discipline**

75.     Plaintiff repeats and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

76.     Defendants failed to supervise their agents and officers to prevent, deter and punish the unconstitutional and excessive use of force.

77.     Upon information and belief, Defendants knew or should have known of the dangerous propensities of defendants but took no steps to supervise them, correct their abuse of authority, or discourage their unlawful use of authority.

78.     To the contrary, Defendants condoned and acquiesced in the abusive behavior of agents and officers by refusing to retrain them, discipline them, or correct their abusive behavior.

79.     Defendants were or should have been aware that the policy regarding supervision and discipline of officers who violated the civil rights of the citizens and commit assault was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their officers.

80.     The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of Plaintiff and others in their position.

81.     The lack of adequate supervision and discipline caused Plaintiff's damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully prays for judgments against all DEFENDANTS, and each of them, as follows:

    a.  For compensatory general and special damages in an amount in accordance with proof.

    b.  For reasonable attorney's fees, expenses, and costs of suit.; and

    c.  Any other and further relief as the Court may deem just, proper and equitable.

Respectfully submitted,
Plaintiff, Pro Se
Frank Eugene Lamb III

September 23, 2020

Frank Eugene LamBIII  Par avion
Semena PaLiia St. 78, apt. 212
Odesa, Ukraine
65069

**R**
RG 650 253 437 UA
ODESA 69

Clerk, US District Court
333 Constitution Avenue NW
Washington, DC

UKRAINA УКРАЇНА