UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK EUGENE LAMB III,<br><br>*Plaintiff*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES *et al.*,<br><br>*Defendants*. | Civil Action No. 20-3036 (TJK) |

### ORDER

Plaintiff Frank Eugene Lamb III filed this action several months ago, alleging that for over thirty years, he has been victimized by a series of illegal investigations by Defendants, who have worked together with several states "to conceal the misconduct and illegal activities of their agents," ECF No. 1 ¶ 11, and that these inquiries have "forced [him] to leave the United States" and move to Russia, Latvia, Germany, France, and now to Ukraine, *id.* ¶ 12. He asserts seven causes of action against Defendants, including several for violating his civil rights under 42 U.S.C. § 1983. He has now moved for a temporary restraining order and preliminary injunction, through which he asks the Court to enjoin the alleged investigations. ECF No. 4. For the following reasons, the Court will deny the motion.

\*          \*          \*

"A preliminary injunction is an extraordinary remedy never awarded as of right," and only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 24 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

public interest." *Id.* at 20. "[P]laintiffs bear the burden of persuasion on all four preliminary injunction factors in order to secure such an 'extraordinary remedy.'" *Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014).

Before the Supreme Court's decision in *Winter*, courts weighed the preliminary injunction factors on a sliding scale, allowing a weak showing on one factor to be overcome by a strong showing on another factor. *See Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 360-61 (D.C. Cir. 1999). This Circuit, however, has suggested, without deciding, that *Winter* should be read to abandon the sliding-scale analysis in favor of a "more demanding burden" requiring plaintiffs to independently show both a likelihood of success on the merits and irreparable harm. *See Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011); *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009). In any event, without a likelihood of success on the merits, a plaintiff is not entitled to a preliminary injunction regardless of their showing on the other factors. *See Ark. Dairy Coop. Ass'n, Inc. v. U.S. Dep't of Agric.*, 573 F.3d 815, 832 (D.C. Cir. 2009). And "it is clear that failure to show a likelihood of irreparable harm remains, standing alone, sufficient to defeat the motion." *Navajo Nation v. Azar*, 292 F. Supp. 3d 508, 512 (D.D.C. 2018); *see also Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) ("A movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief.").

\*   \*   \*

The Court must deny Lamb's motion because he has failed to show both a likelihood of success on the merits and that he will suffer irreparable harm unless the motion is granted. In his motion, he repeats a series of exotic claims against Defendants on which the complaint is

based—for example, that they "conspired with Plaintiff's father to commit extortion and defamation," ECF No. 4 at 4, they "attempted to sell Plaintiff an automatic weapon to accuse him of committing a crime," *id.* at 5, and they falsified his criminal history, encouraged lawyers not to represent him, lowered his college grades, and caused his ex-wife to falsely accuse him of domestic violence, *id.*[1] But his only proof is his own affidavit attached to the motion. Given the nature of these claims, this is hardly evidence from which the Court can conclude that he is likely to succeed on the merits, even without any contrary representations from Defendants.[2]

In addition, to show irreparable harm, a threatened injury "must be both certain and great; it must be actual and not theoretical," *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985), as well as "*likely* in the absence of an injunction," not a mere "possibility," *Natural Res. Def. Council, Inc.*, 555 U.S. at 22 (emphasis in original). In his motion, Lamb does not explain what specific injury he seeks to prevent through an injunction that would "prohibit[] Defendants . . . from conducting investigations against" him. ECF No. 4 at 12. He cites an "ongoing injury of being subject to Defendants' investigation for a long period of time," but this vague allegation hardly fits the bill. *Id.* at 9-10. Neither does his claim in his affidavit that "[w]hile residing in

---

[1] Because Lamb's motion contains multiple merged documents, page numbers refer to the ECF-generated pagination, rather than his numbering.

[2] Defendants have not responded to the motion because they are likely unaware of it. The Clerk of Court did not issue summonses to them until a few days ago. And Lamb has failed to meet the notice requirements under the Local Rules relating to temporary restraining orders. Under those rules, the movant must provide a certificate "or other proof" stating "(1) that actual notice of the time of making the application, and copies of all pleadings and papers filed in the action to date or to be presented to the Court at the hearing, have been furnished to the adverse party; or (2) the efforts made by the applicant to give such notice and furnish such copies." LCvR 65.1(a). "Except in an emergency, the Court will not consider an ex parte application for a temporary restraining order." *Id.* No emergency is present here.

Ukraine the FBI and DHS have continued to conduct intentionally harmful investigations and make erroneous claims including false claims of [his] refusal to utilize the administrative complaint process subverting [his] use of the courts." *Id*. at 15.  He also points to his conclusory assertion that Defendants "forced" him to leave the United States as a source of ongoing injury. *Id*. at 9-10.  But Lamb has not shown that his living outside the United States has "directly result[ed]" from Defendants' alleged investigations, *Wis. Gas Co*., 758 F.2d at 674, nor why issuing the requested injunction prohibiting any such investigations would allow him to return.

Thus, it is hereby **ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 4, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 14, 2020

4