UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK EUGENE LAMB, III,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TABACCO,<br>FIREARMS AND EXPLOSIVES, *et al.*,<br><br>Defendants. | Civil Action No. 20-3036 (TJK) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**Table of Contents**

Arguments ........................................................................................................................... 3

    I.      Plaintiff Cannot Amend His Complaint Through His Opposition .......................... 3

    II.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Insubstantial Claims ............................................................................................................................... 4

    III.    The United States Has Not Waived Sovereign Immunity for Plaintiff's Claims ... 4

        A.     Section 1983 ................................................................................................ 4

        B.     Federal Tort Claims Act .............................................................................. 5

Conclusion ........................................................................................................................ 10

Defendants, the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), the United States Department of Homeland Security ("DHS"), the Federal Bureau of Investigation ("FBI"), and the Drug Enforcement Administration ("DEA" and, together with ATF, DHS, and the FBI, "Defendants"), by and through undersigned counsel, respectfully submit this Reply in support of their Motion to Dismiss the Complaint filed by Plaintiff, Frank Eugene Lamb (ECF No. 16, "Motion").[1]

In their Opening Brief, Defendants advanced the following arguments in favor of dismissal of Plaintiff's Complaint (ECF No. 1, "Complaint"). First, Defendants argued that the Court does not have jurisdiction over Plaintiff's Complaint in light of its essentially fictitious conspiracy theory allegations. Defs' Open. Br. at 3-4. Second, Defendants argued that the United States has not waived sovereign immunity for Counts 1, 5, 6, or 7 of the Complaint because they purport to state claims against federal actors under 42 U.S.C. § 1983, a statute which does not authorize suits challenging actions taken under color of federal law or waive the United States' sovereign immunity. Defs' Open. Br. at 5.

Third, Defendants argued that the United States has not waived sovereign immunity for Counts 2, 3, or 4 because Plaintiff had not met the criteria for using the waiver of sovereign immunity provided by the Federal Tort Claim Act's ("FTCA"). Defs' Open. Br. at 5-11. Specifically, Defendants explained that (a) Plaintiff has not named the proper defendant (the United States) in his Complaint and the FTCA does not waive sovereign immunity for claims

---

[1] Defendants filed a Memorandum of Law in support of their Motion (ECF No. 16-1), which is referred to herein as "Defendants' Opening Brief." Defendants also filed the Declarations of Marcia Tiersky (DEA), Deborah Crum (FBI), and Melissa Anderson (ATF) in support of their Motion, as well as a Standard Form 95 submitted to DHS and dated February 3, 2020, all of which are incorporated herein by reference. ECF Nos. 16-2 to 16-5.

against components of the federal government, *id.* at 6-7; (b) Plaintiff has not exhausted necessary administrative remedies under the FTCA as to the DEA, ATF, or FBI as to any claim, and, to the extent that he could be said to have exhausted claims as to DHS, he did not exhaust administrative remedies for his claims for assault, malicious prosecution, or abuse of process, *id.* at 7-10; and (c) the FTCA does not waive sovereign immunity for claims sounding in defamation or misrepresentation, *id.* at 10-11.

Finally, Defendants argued that, to the extent that this Court has jurisdiction over any of Plaintiff's claims (and Defendants do not concede that he does), the only claims he arguably exhausted were his Count Three claim for "Intentional Infliction of Emotional Distress" against DHS, and his Count Four claim for negligence stemming from the failure to properly train and supervise officers with respect to proper procedures in the investigation against DHS. However, Defendants explained that, even if this Court has jurisdiction over these claims, Plaintiff has failed to state a claim upon which relief can be granted and Counts Three and Four should be dismissed pursuant to Rule 12(b)(6). Defs' Open. Br. at 11-15.

In his Opposition (ECF No. 19, "Plaintiff's Opposition"), Plaintiff fails to address either the fundamental deficiency of his Complaint for naming the wrong defendants or the FTCA's exclusion of claims for libel, slander, defamation, or misrepresentation, thus conceding those arguments. As explained below, to the extent that Plaintiff nominally addresses any of Defendants' other arguments, he fails to establish that this Court has jurisdiction over any of his claims or that the allegations in his Complaint could plausibly state a claim for the few claims that

are both mentioned in the SF-95 received by DHS and allowed under the FTCA. Plaintiff's Complaint should be dismissed in its entirety.[2]

## ARGUMENTS

### I. Plaintiff Cannot Amend His Complaint Through His Opposition

As a threshold issue, Plaintiff has added factual allegations into the Background section in his brief, advances arguments that appear, at least in part, to rely upon these additional factual allegations, and attempts to argue that he is entitled to a waiver of sovereign immunity under the Administrative Procedures Act ("APA"), despite the fact that the APA is not mentioned in his Complaint. *See generally* Pl's Op. The Court should reject this attempt to add factual allegations or assert different claims other than those that are pled in the Complaint because it is well-settled that a "plaintiff may not amend [her] complaint by the briefs in opposition to a motion to dismiss." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 168 (D.D.C. 2014). This rule prohibiting amendments through opposition briefs includes a bar on attempts by plaintiffs to "recharacterize their claim against the agency" through an opposition to a defendant's dispositive motion. *See Citizens for Responsibility & Ethics in Wash. v. Dep't of Homeland Sec.*, 387 F. Supp. 3d 33, 54 (D.D.C. 2019) (rejecting plaintiffs' "attempt to recharacterize their claim" in a manner inconsistent with allegations in the Complaint); *see also Quaid v. Kerry*, 161 F. Supp. 3d 70, 76 (D.D.C. 2016) ("Plaintiffs cannot amend their complaint *de facto* to survive a motion to dismiss by asserting new claims for relief in their responsive pleadings.").

---

[2] Plaintiff requests leave to amend. Opp'n at 1, 9-10. Though Defendants understand that courts liberally allow claimants to amend their complaints, they question whether any amendment Plaintiff could submit would pass the futility standard. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Insubstantial Claims

As explained in Defendants' Opening Brief, the sort of fanciful conspiracy theory allegations that make up Plaintiff's Complaint are of a type with those that the D.C. Circuit has appropriately characterized as "essentially fictitious" deserving dismissal at the pleading stage. *See* Def's Open. Br. at 3-4 (citing *Tooley v. Napolitano,* 586 F.3d 1006, 1009-10 (D.C. Cir. 2009)). In his Opposition, Plaintiff does not substantively explain how the allegations in his Complaint rise above the "essentially fictitious" bar but, rather, cites to two inapposite cases regarding the availability of three judge panels for constitutional challenges, cases which Plaintiff claims demonstrate the viability of his Complaint.  *See* Pl's Op. at 5-6 (citing *Shapiro v. McManus*, 577 U.S. 39 (2015) (finding that a three judge panel should have been convened in case of citizens challenging the constitutionality of Maryland redistricting plan and that the complaint was not wholly frivolous for the purposes of finding absence of jurisdiction); *Independence Inst. v. FEC*, 816 F.3d 113 (D.C. Cir. 2016) (finding that nonprofit group was entitled to a three judge panel for a constitutional claim against a federal election law because it was not clear that the constitutional theory advanced by the group was obviously without merit)).  Plaintiff's conspiracy claims are wholly insubstantial and should be dismissed for lack of jurisdiction.

## III.    The United States Has Not Waived Sovereign Immunity for Plaintiff's Claims

As explained in Defendants' Opening Brief, to the extent that the Court finds that Plaintiff's claims are not wholly frivolous, the Court still does not have jurisdiction over these claims because the United States has not waived sovereign immunity as to them.

### A.     Section 1983

With respect to the Section 1983 claims, Defendants argued that Section 1983 does not waive sovereign immunity for claims against federal actors or create a cause of action that would provide jurisdiction for Plaintiff's claims against Defendants, all of which are federal entities.

- 4 -

Defs' Open. Br. at 5 (citing *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007)). In Opposition, Plaintiff mentions Section 1983 and cites to a case against the City of Los Angeles (Pl's Op. at 8-9) but does not (because he cannot) rebut the premise that Section 1983 does not provide jurisdiction for claims against the federal government. As such, Counts 1, 5, 6, and 7 should be dismissed for lack of jurisdiction under Rule 12(b)(1).

### B. Federal Tort Claims Act

As a threshold issue, with respect to Plaintiff's purported FTCA claims, he completely fails to address Defendants' arguments that: (a) only the United States (not federal departments and agencies like Defendants) can be named as Defendants under the FTCA, Defs' Open. Br. at 6-7, and (b) the FTCA's waiver of sovereign immunity does not extend to claims for libel, slander, defamation, or misrepresentation, Defs' Open. Br. at 10-11. "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003); *see also Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("[Local Rule 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."). [3]

Next, in their Opening Brief, Defendants argued that Plaintiff also could not establish waiver of sovereign immunity or jurisdiction under the FTCA because he had failed to exhaust

---

[3]   Plaintiff also fails to address Defendants' argument that any portion of Plaintiff's claim that accrued more than two years prior to the filing of his administrative claim with DHS (February 2020) should also be dismissed on grounds that the acts occurred outside the FTCA's statute of limitations. Defs' Open. Br. at 15 n.2; 28 U.S.C. § 2401(b). This argument is conceded as well.

administrative remedies for all claims other than intentional infliction of emotional distress and negligence against DHS.  Defs' Open. Br. at 7-10 (supported by (a) declarations from ATF, FBI, and DEA stating that they had no records of having received claims from Plaintiff, and (b) the claim submitted to DHS which only arguably exhausted claims for intentional infliction of emotional distress and negligence against DHS).  In Opposition, Plaintiff argues that he did, in fact, exhaust his claims and supports this contention with a declaration from himself, as well as with several exhibits consisting of letters from him and one from the FBI.  *See* Pl's Op. at 1, 6.  A close review of the exhibits supplied by Plaintiff, in connection with Defendants' declarations, demonstrates that he has not carried his burden of showing that he exhausted his administrative remedies as to anything other than the intentional infliction of emotional distress and negligence against DHS.

Absent waiver, the doctrine of sovereign immunity shields the federal government from suit.  Defs' Open. Br. at 4; *FDIC v. Meyer,* 510 U.S. 471, 475 (1994).  Because sovereign immunity is jurisdictional in nature, *Meyer,* 510 U.S. at 475, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood,* 312 U.S. 584, 586 (1941).  As the Supreme Court has often observed, waiver of sovereign immunity must be "unequivocally expressed in the statutory text" and "strictly construed, in terms of its scope, in favor of the sovereign." *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 261 (1999) (internal quotations omitted). A party suing the United States bears the burden of proving that the government has unequivocally waived its immunity.  *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).  The FTCA's waiver of sovereign immunity is contingent upon exhaustion of remedies by the claimant.  Defs' Open. Br.

at 7 (citing *Detar v. United States*, 174 F. Supp. 3d 566, 569 (D.D.C. 2016)). As such, it is Plaintiff's burden to demonstrate that he has exhausted administrative remedies.

As explained in Defendants' Opening Brief, the procedure to exhaust administrative remedies is specific: a plaintiff must present the agency with both: (1) a written statement sufficiently describing the injury and facts to enable the agency to begin its own investigation, and (2) a sum-certain damages claim. Defs' Open. Br. at 7 (citing *Tookes v. United States*, 811 F. Supp. 2d 322, 331 (D.D.C. 2011), 28 C.F.R. § 14.12(a), 28 U.S.C. § 2675(a)). A search of relevant records of the FBI, ATF, and DEA failed to reveal the receipt of any SF-95: Claim for Damage, Injury, or Death, or any other written notification of Plaintiff's alleged injuries or a claim for monetary damages. Defs' Open. Br. at 8; Defs' Exs. 1-3 (Declarations of Marcia Tiersky (DEA), Deborah Crum (FBI), and Melissa Anderson (ATF)). Plaintiff did present a Standard Form 95 to DHS on February 3, 2020, which could arguably be read as exhausting claims for libel, slander, defamation, intentional infliction of emotional distress, some form of misrepresentation, and negligence in connection to the government's alleged investigation of him. Defs' Open. Br. at 8-9; Defs' Ex. 4 (DHS SF-95).

Plaintiff has appended the following to his Opposition: (a) a signed letter from Plaintiff to the Department of Homeland Security's Inspector General dated May 1, 2020 and inquiring about a "claim for damages" that he claims to have sent on or about February 14, 2020; (b) an unsigned SF-95 dated February 3, 2020, listing "The Department of Justice, The Federal Bureau of Investigation, The Drug Enforcement Administration, and the Alcohol Tobacco Firearms and Explosives," with no agency addresses listed; (c) an unsigned letter from Plaintiff dated February 3, 2020 to Michael E. Horowitz and listing an address at the Department of Justice; (d) a signed letter from Plaintiff to the Department of Justice's Office of Inspector General dated May 1, 2020

and inquiring about a "claim for damages" that he claims to have sent on or about February 14, 2020; (e) a letter from the Internal Affairs Section of the FBI to Plaintiff dated March 23, 2021 and responding to a communication from Plaintiff and stating that Internal Affairs had "reviewed [Plaintiff's] complaint and ha[d] determined an Internal Affairs investigation by the FBI [was] not warranted," (f) an unsigned copy of the SF-95 included in Defendants' Exhibit 4, and (g) a copy of the letter to Joseph Cuffari included in Defendants' Exhibit 4.  Pl's Op. at 17-19, 21-27.  These records fail to improve Plaintiff's position for the following reasons.

First, none of the records appended by Plaintiff demonstrate that he exhausted additional claims as to DHS.  Second, the materials Plaintiff has presented regarding the Department of Justice do not demonstrate that he exhausted claims as to the ATF, FBI, or DEA.  As an initial matter, the SF-95 that he appended is not signed and does not indicate the address to which it was sent.  See Pl's Op. at 22.[4]  As previously stated, none of these agencies have records of having received a claim for damages from Plaintiff.  Defs' Exs. 1-3.  Moreover, even if the letter addressed to Mr. Horowitz was sent to and received by the Office of Inspector General of the Department of Defense, the letter itself does not contain a sum certain demand for damages so it, standing alone, could not have exhausted administrative remedies for Plaintiff.  See Pl's Op. at 24-25.  Finally, the letter Plaintiff received from the FBI appears to be from Internal Affairs, indicating that any communication received by the FBI from Plaintiff was not perceived to be a claim for damages.

---

[4]   FTCA regulations require that an SF-95 be executed.  28 CFR § 14.2(a) ("For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.")

*See* Pl's Op. at 27 (indicating that Plaintiff's correspondence was processed as a claim of potential wrong-doing for investigation by internal affairs). Plaintiff has not met his burden of demonstrating that he exhausted his administrative remedies to obtain jurisdiction in this Court over his FTCA claims against the AFT, FBI, or DEA.

Finally, Plaintiff only nominally addresses Defendants' argument that, even if the Court finds that it has jurisdiction over the intentional infliction of emotional distress or negligence against DHS that were arguably exhausted by Plaintiff's SF-95, Plaintiff still has failed to state credible claims. Defs' Open. Br. at 11-15; Pl's Op. at 9. Plaintiff's argument, which cites to *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002), a case on pleading standards that predates *Iqbal* and *Twombly*, does not explain how Plaintiff's allegations plausibly state claims for either intentional infliction of emotional distress or negligence against DHS. Pl's Op. at 9. As explained in Defendants' Opening Brief, under the standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), Plaintiff must do more than make conclusory allegations parroting the elements of a claim to survive a motion to dismiss under Rule 12(b)(6). Defs' Open. Br. at 3, 11-15. The Complaint does not plausibly allege that DHS: (1) engaged in extreme and outrageous conduct (2) that intentionally or recklessly (3) caused any emotional distress Plaintiff may have experienced (*id.* at 13-14) or that DHS breached a duty of care recognized in the District of Columbia with respect to the supervision of its employees or that DHS knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee (*id.* at 14-15).[5]

---

[5] Plaintiff also appears to argue that this Court has jurisdiction over his malicious prosecution claim and that he has stated a claim therefore. Pl's Op. at 7, 9. Plaintiff's jurisdictional argument appears to be based on the APA and Section 1983. *Id.* As discussed above, Section 1983 does not

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(1) and Rule 12(b)(6).

Dated: June 14, 2021
      Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By: _____/s/_____
SIAN JONES, D.C. Bar No. 1024062
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2578
Sian.Jones@usdoj.gov

*Attorneys for the United States of America*

---

apply to federal actors and the Complaint does not purport to state claims under the APA. Even if Plaintiff had named the correct defendants and exhausted administrative remedies with respect to malicious prosecution (which he has not), the Complaint still does not plausibly allege that any law enforcement officials in the ATF, FBI, DEA, or DHS committed the common law tort of malicious prosecution against him. *See* 28 U.S.C. § 2680(h) (law enforcement proviso). The Complaint identifies no legal action against him in which he prevailed, much less that he could plausibly state the other elements of a claim for malicious prosecution under the common law of the District of Columbia. *See Smith v. United States*, 121 F. Supp. 3d 112, 122 (D.D.C. 2015), *aff'd*, 843 F.3d 509 (D.C. Cir. 2016).

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 14, 2021, I caused to be served on Plaintiff via first-class mail, postage prepaid, the foregoing Reply to the following address:

Frank Eugene Lamb III
804 Alarid Street
Santa Fe, New Mexico 87505

By: /s/ *Sian Jones*
  *Counsel for the United States*